**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-04870-NYW

MARLON MARTINEZ PIZARRO,

Petitioner,

v.

MARKWAYNE MULLIN,
TODD BLANCHE,
DAVID VENTURELLA,
MADISON SHEAHAN, and
JUAN BALTAZAR,

Respondents.

---

**MEMORANDUM OPINION AND ORDER**

---

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). [Doc. 1]. On October 2, 2026, the Court issued an All Writs Act Order, directed the Clerk of Court to serve Respondents with a copy of the Petition, ordered counsel for Respondents to promptly enter their notices of appearance, and ordered Respondents to respond to the Petition within seven days of service. [Doc. 4]. Service was then effectuated on Respondents and the United States Attorney's Office for the District of Colorado. [Doc. 5; Doc. 6; Doc. 7]. To date, Respondents have neither appeared in this action nor responded to the Petition. Nonetheless, for the reasons stated herein, the Petition is respectfully **DENIED without prejudice**.

## DISCUSSION

Petitioner Marlon Martinez Pizarro ("Petitioner" or "Mr. Martinez Pizarro") is a citizen of Costa Rica who entered the United States with a B2 visa on or about December 13, 2016. [Doc. 1 at 3]. He alleges that on February 21, 2025, he was detained by ICE "to face . . . removal proceedings." [*Id.*]. On January 6, 2026, an immigration judge issued an order of removal as to Mr. Martinez Pizarro. [*Id.* at 3]. Mr. Martinez Pizarro appealed the order of removal; the appeal was denied by the Board of Immigration Appeals ("BIA") on August 24, 2026. [*Id.*]. Mr. Martinez Pizarro is currently detained at the ICE detention facility in this District, [*id.* at 1], and he brings three claims challenging his detention: (1) "arbitrary and capricious agency action under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A),"; (2) "violation of the Accardi doctrine"; and (3) violation of his procedural due process rights under the Fifth Amendment, [*id.* at 10–11 (emphasis omitted)]. As relief, he seeks an order that he be immediately released from custody. [*Id.* at 13].

As Mr. Martinez Pizarro acknowledges, his "order of removal became final on 8/24/2026," when his appeal of his order of removal was denied by the BIA. That means that as of August 24, 2026, Mr. Martinez Pizarro is detained pursuant to 8 U.S.C. § 1231. *See Abedi v. Carter,* No. 25-3179, --- F.4th ----, 2026 WL 3149141, at *14 (10th Cir. Oct. 21, 2026) (observing that the statute relevant to noncitizens subject to an order of removal from the United States is 8 U.S.C. § 1231); *Singh v. Blanche*, No. 26-cv-00601-PAB, 2026 WL 936371, at *3 (D. Colo. Apr. 7, 2026) ("Because petitioner has a final order of removal, petitioner is detained under 8 U.S.C. § 1231(a), rather than 8 U.S.C §§ 1225 or 1226." (collecting cases)).

As the Court has previously explained, "when a noncitizen is ordered removed

from the United States, the removal 'shall' occur within the next 90 days." *Hereira v. Baltazar*, No. 26-cv-03507-NYW, 2026 WL 3059517, at *2 (D. Colo. Oct. 13, 2026) (quoting 8 U.S.C. § 1231(a)(1)). This "removal period" is triggered from the date that an order of removal becomes administratively final. 8 U.S.C. § 1231(a)(1)(B)(i); *see also Abedi*, 2026 WL 3149141, at *14 (observing that § 1231(a)(1)(A) establishes a ninety-day "removal period"). During this period, "the government is *required* to detain the noncitizen." *Abedi*, 2026 WL 3149141, at *14 (emphasis added) (citing 8 U.S.C. § 1231(a)(2)(A)).

Mr. Martinez Pizarro has been detained pursuant to his August 24, 2026 final order of removal for 67 days. He is therefore still within the 90-day mandatory detention period, as well as the presumptively reasonable six-month period under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Accordingly, the Court respectfully **DENIES** the Petition without prejudice.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **DENIED without prejudice**;

(2) The Clerk of Court is **DIRECTED** to enter judgment in favor of Respondents and terminate this case; and

(3) The Clerk of Court is **DIRECTED** to mail this Order to Petitioner at his address of record.

DATED: October 30, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge